Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIO TORRES, OSCAR MARTINEZ, SERGIO
MORALES, and JESUS SALVADOR, individually, and
on behalf of all others similarly situated,

                                      Plaintiff,

        -against-

CAPCON CONSTRUCTION INDUSTRIES CORP., and
AGRA MASONRY INC., and DARREN K. CAPUTO, as
an individual,

                                      Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs, **JULIO TORRES, OSCAR MARTINEZ, SERGIO MORALES, and JESUS SALVADOR, individually, and on behalf of all others similarly situated**, (hereinafter, "Plaintiffs"), by and through their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

      1. Plaintiffs, through undersigned counsel, bring this collective action against the Defendants, **CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., and DARREN K. CAPUTO, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of Federal and State wage and hour laws arising out of Plaintiffs' employment by the Defendants at CAPCON CONSTRUCTION INDUSTRIES CORP., and at AGRA MASONRY INC., at various time periods described herein.

      2. As a result of the Defendants' violations of the Fair Labor Standards Act ("FLSA") and New York State labor laws ("NYLL"), as delineated below, Plaintiffs seek compensatory

damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies that this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over the Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein alleged occurred within this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### PLAINTIFFS

7. Plaintiff, JULIO TORRES, was employed by the Defendants, at CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., from in or around March 2019 to in or around February 2020.

8. Plaintiff, OSCAR MARTINEZ, was employed by the Defendants, at CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., from in or around March 2019 to in or around February 2020.

9. Plaintiff, SERGIO MORALES, was employed by the Defendants, at CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., from in or around March 2019 to in or around February 2020.

10. Plaintiff, JESUS SALVADOR, was employed by the Defendants, at CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., from in or around October 2015 to in or around March 2016.

## THE CORPORATE DEFENDANTS

11. Defendant, AGRA MASONRY INC. is a domestic business corporation organized under, and existing by virtue of, the laws of the State of New York with principal executive offices located at 2626 East 14th Street, Suite 101A, Brooklyn, New York 11235, and 2546 East 13th Street, Apt 2, Brooklyn, New York 11235.

12. Upon information and belief, AGRA MASONRY INC., is duly authorized to transact and do business under the laws of New York.

13. Defendant, CAPCON CONSTRUCTION INDUSTRIES CORP., is a domestic business corporation organized under, and existing by virtue of, the laws of the State of New York, with a principal executive office located at 469 Illington Road, Ossining, New York 10562.

14. Upon information and belief, CAPCON CONSTRUCTION INDUSTRIES CORP., is duly authorized to transact and do business under the laws of New York.

15. Defendants, CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., are collectively hereinafter referred to as, the "Corporate Defendants."

16. Upon information and belief, Corporate Defendants, CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., share a common ownership.

17. Upon information and belief, Corporate Defendants are operated by the individual Defendant, DARREN K. CAPUTO.

18. Upon information and belief, Corporate Defendants shared the same pay practices to pay employees and payroll systems to pay employees.

19. Upon information and belief, Corporate Defendants functioned, and/or function, as a singular, integrated enterprise.

20. At all times relevant hereto, the Corporate Defendants, were jointly responsible for the hiring of all employees, including the Plaintiffs.

21. The Corporate Defendants were jointly responsible for the firing of the employees, including the Plaintiffs.

22. The Corporate Defendants were jointly responsible for setting the terms and conditions of employees' employment and work including the Plaintiffs.

23. The Corporate Defendants were jointly responsible for determining employees' work hours and days of work, and work schedule, including the Plaintiffs.

24. The Corporate Defendants were jointly responsible for supervision of employees' work, including the Plaintiffs' work.

25. The Corporate Defendants were jointly responsible for the purchasing of goods and materials for the business and for the provision of those goods and materials for the business.

26. The Corporate Defendants shared in the profits generated by the Defendants' business.

27. At all times relevant hereto, the Corporate Defendants were and are enterprises, and joint enterprises, within the meaning and intent of Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all times relevant hereto, the Corporate Defendants were the Plaintiffs' employer as the term is defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and the Corporate Defendants employed and/or jointly employed the Plaintiffs.

29. CAPCON CONSTRUCTION INDUSTRIES CORP. is at present and has been at all times relevant to the allegation hereto, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales exceeding $500,000.00.

30. Upon information and belief, AGRA MASONRY INC. is at present and has been at all times relevant to the allegation hereto, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales exceeding $500,000.00.

31. During all times relevant to hereto, the Corporate Defendants were and are enterprises engaged in interstate commerce within the meaning of the FLSA in that the Corporate Defendants (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales exceeding $500,000.00.

### DARREN K. CAPUTO

32. The Defendant, DARREN K. CAPUTO, is a natural individual with a place of residence located in the County of Westchester, State of New York, at 469 Illington Road, Ossining, New York 10562.

33. Upon information and belief, Defendant, DARREN K. CAPUTO, owns CAPCON CONSTRUCTION INDUSTRIES CORP.

34. Upon information and belief, Defendant, DARREN K. CAPUTO, owns AGRA MASONRY INC.

35. Upon information and belief, Defendant, DARREN K. CAPUTO, operates CAPCON CONSTRUCTION INDUSTRIES CORP.

36. Upon information and belief, Defendant, DARREN K. CAPUTO, operates AGRA MASONRY INC.

37. Defendant, DARREN K. CAPUTO, is an agent of CAPCON CONSTRUCTION INDUSTRIES CORP.

38. Defendant, DARREN K. CAPUTO, is an agent of AGRA MASONRY INC.

39. Upon information and belief, Defendant, DARREN K. CAPUTO, has power over all final personnel decisions at CAPCON CONSTRUCTION INDUSTRIES CORP.

40. Upon information and belief, Defendant, DARREN K. CAPUTO, has power over all final personnel decisions at AGRA MASONRY INC.

41. Upon information and belief, Defendant, DARREN K. CAPUTO has power over all the payroll decisions at CAPCON CONSTRUCTION INDUSTRIES CORP.

42. Upon information and belief, Defendant, DARREN K. CAPUTO has power over all the payroll decisions at AGRA MASONRY INC.

43. Defendant, DARREN K. CAPUTO, has the power to hire and fire employees at CAPCON CONSTRUCTION INDUSTRIES CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

44. Defendant, DARREN K. CAPUTO, has the power to hire and fire employees at AGRA MASONRY INC., establish and pay their wages, set their work schedule, and maintains their employment records.

45. Upon information and belief, Defendant, DARREN K. CAPUTO, was responsible for supervising employees of the Corporate Defendants, including the Plaintiffs, on the job sites.

46. Defendant, DARREN K. CAPUTO, was responsible for determining the start and end times of each shift for employees of the Corporate Defendants, including Plaintiffs.

47. During all relevant times hereto, Defendant, DARREN K. CAPUTO, was the Plaintiffs' 'individual' employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

48. Plaintiffs are former employees of the Defendants who performed masonry, construction, and bricklaying work, while performing related primary duties and miscellaneous functions for the Defendants, at job sites throughout New York City, Brooklyn, and the Bronx.

49. Plaintiffs allege that they were regularly required to work five (5) to six (6) days per week.

50. Plaintiffs allege that they were regularly required to arrive at the job site to begin work at approximately 7:00 am., and would work straight until approximately 4:00, and were often required to stay later, sometimes as late as 5:00 or 6:00 p.m.

51. As such, the Plaintiffs' normal and typical work schedules required them to work in excess of 40 hours each work week throughout their employment by the Defendants.

52. Plaintiffs allege that they were paid a flat regular hourly rate for all their hours worked, even those hours worked in excess of forty (40) hours per week.

### JULIO TORRES

53. Plaintiff JULIO TORRES ("TORRES") was employed by the Defendants to work at Corporate Defendants from in or around March 2019 until in or around February 2020.

54. During Plaintiff TORRES' employment by the Defendants at the Corporate Defendants, Plaintiff TORRES' primary duties were performing masonry work, while performing related miscellaneous duties for the Defendants at various project sites located throughout the Bronx, Brooklyn, and New York City, from in or around March 2019 until in or around February 2020.

55. Throughout Plaintiff TORRES' employment at the Corporate Defendants, Plaintiff TORRES regularly worked from approximately 7:30 a.m. until approximately 5:30 p.m., a total of ten (10) hours worked per workday. Plaintiff TORRES regularly worked for the Defendants five (5) days per week, Monday through Friday, and as such, Plaintiff TORRES regularly worked

for the Defendants fifty (50) hours or more hours per week from in or around March 2019 until in or around February 2020.

56. Plaintiff TORRES was paid by the Defendants a flat hourly rate of approximately $33.00 per hour, from in or around March 2019 until in or around February 2020.

57. Plaintiff TORRES was paid this same flat hourly rate even for his hours worked in excess of forty (40) each week.

58. Although Plaintiff TORRES regularly worked fifty (50) or more hours per week during his employment with the Defendants from in or around March 2019 until in or around February 2020, the Defendants did not pay Plaintiff TORRES at a rate of time and a half (1.5) for hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## OSCAR MARTINEZ

59. Plaintiff OSCAR MARTINEZ ("MARTINEZ") was employed by the Defendants to work at Corporate Defendants, from in or around November 2015, until in or around June 2016.

60. During Plaintiff MARTINEZ' employment by the Defendants at the Corporate Defendants, Plaintiff MARTINEZ' primary duties were as a bricklayer, while performing related miscellaneous duties for the Defendants at various project sites located throughout the Bronx, Brooklyn, and New York City.

61. Throughout Plaintiff MARTINEZ' employment at the Corporate Defendants, Plaintiff MARTINEZ regularly worked from approximately 7:00 a.m. until approximately 4:00 p.m.,or 5:00 p.m., an average of 9.5 hours worked per workday. Plaintiff MARTINEZ regularly worked for the Defendants five (5) days per week, Monday through Friday, and as such, Plaintiff MARTINEZ regularly worked for the Defendants 45 hours or more hours per week from in or around November 2015, until in or around June 2016.

62. Plaintiff MARTINEZ was paid by the Defendants a flat hourly rate of $32.00 per hour, and was paid this same flat hourly rate even for his hours worked in excess of forty (40) each week.

63. Although Plaintiff MARTINEZ worked 45 or more hours per week during his employment with the Defendants from in or around November 2015, until in or around June 2016, the Defendants did not pay Plaintiff MARTINEZ at a rate of time and a half (1.5) for hours

worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### SERGIO MORALES

64. Plaintiff SERGIO MORALES ("MORALES") was employed by the Defendants to work at Corporate Defendants from in or around May 2015 until in or around March 2016.

65. During Plaintiff MORALES' employment by the Defendants at the Corporate Defendants, Plaintiff MORALES' primary duties were as a construction worksite helper and assistant, while performing related miscellaneous duties for the Defendants from in or around August 2015 until in or around March 2016.

66. Throughout Plaintiff MORALES' employment at the Corporate Defendants, Plaintiff MORALES regularly worked from approximately 7:00 a.m. until approximately 4:30 p.m, an average of 9.5 hours worked per workday.

67. Plaintiff MORALES regularly worked for the Defendants six (6) days per week. As such, Plaintiff MORALES regularly worked for the Defendants 57 hours or more hours per week from in or around August 2015 until in or around March 2016.

68. Plaintiff MORALES was paid by the Defendants a flat hourly rate of $16.00 per hour from in or around August 2015 to in or around December 2015, and $18.00 per hour from in or around January 2016 to in or around March 2016.

69. Plaintiff MORALES was paid these same flat hourly rates for all his hours worked even those hours in excess of forty (40) each week.

70. Although Plaintiff MORALES regularly worked 57 or more hours per week during his employment with the Defendants from in or around August 2015 until in or around March 2016, the Defendants did not pay Plaintiff MORALES at a rate of time and a half (1.5) for his hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JESUS SALVADOR

71. Plaintiff JESUS SALVADOR ("SALVADOR") was employed by the Defendants to work at Corporate Defendants from in or around October 2015 to in or around March 2016.

72. During Plaintiff SALVADOR's employment by the Defendants at the Corporate Defendants, Plaintiff SALVADOR's primary duties were as a masonry worker while performing

related miscellaneous duties for the Defendants from in or around October 2015 to in or around March 2016.

73. Throughout Plaintiff SALVADOR's employment at the Corporate Defendants, Plaintiff SALVADOR regularly worked from approximately 7:00 a.m. until approximately 4:30 p.m, an average of 9.5 hours worked per workday.

74. Plaintiff SALVADOR regularly worked for the Defendants five (5) days per week, and as such, Plaintiff SALVADOR regularly worked for the Defendants 47.5 hours or more hours per week from in or around October 2015 to in or around March 2016.

75. Plaintiff SALVADOR was paid by the Defendants a flat hourly rate of $30.00 per hour from in or around October 2015 to in or around March 2016.

76. Plaintiff SALVADOR was paid this same flat hourly rate for all his hours worked even those hours in excess of forty (40) each week.

77. Although Plaintiff SALVADOR regularly worked 47.5 or more hours per week throughout his employment with the Defendants from in or around October 2015 until in or around March 2016, the Defendants did not pay Plaintiff SALVADOR at a rate of time and a half (1.5) for his hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## OTHER VIOLATIONS OF LAW COMMON TO ALL PLAINTIFFS

78. The Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location(s) of their employment as required by both the FLSA and the NYLL, and related regulations.

79. The Defendants willfully failed to keep accurate and contemporaneous payroll and employment records as required by both FLSA and the NYLL, and related regulations.

80. The Defendants failed to provide the Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language), of their applicable rate of pay, regular pay day, and all such other information as required by NYLL §195(1) and related regulations.

81. The Defendants failed to provide the Plaintiffs with the applicable wage statements upon each and every payment of their wages, as required by NYLL §195(3) and related regulations.

82. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.

Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

83. Plaintiffs bring this action on behalf of themself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereinafter the "collective class."

84. Collective Class: All persons who are, or have been, employed by the Defendant(s) during the relevant statutory period herein as masons, construction workers, bricklayers, construction site helpers, or other similarly titled personnel with substantially similar job duties, functions or requirements, and pay provisions, who are or were performing the same or similar functions for the Defendant(s), other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and/or plans including willfully failing and refusing to pay required overtime wage compensation.

85. Upon information and belief, Defendants employ(ed) at least 25 employees within the relevant time period who have been subjected to the same, or similar unlawful pay structures, policies or practices.

86. The Defendants suffered and permitted Plaintiffs, and the Collective Class, to work regularly in excess of forty (40) hours per week without providing any appropriate overtime compensation.

87. The Defendants' unlawful conduct has been widespread, repeated, and consistent.

88. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay under the law.

89. Defendants' conduct as set forth in this Complaint was willful, and in bad faith, and has caused significant damages to the Plaintiffs, as well as the Collective Class.

90. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join in the present lawsuit.

91. Those similarly situated employees are known to the Defendants, and are readily identifiable, through the Defendants' employment records.

92. Questions of law and fact common to the putative class predominate over any questions affecting only the individual members.

93. The claims of the Plaintiffs herein are typical of the claims of the putative class.

94. Plaintiffs and undersigned counsel will fairly, and adequately, protect the interests of the putative class.

95. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

96. Plaintiffs re-allege, repeat, and incorporate by reference, all allegations contained in all preceding paragraphs as if more fully set forth herein.

97. Plaintiffs have consented in writing to being parties to this action pursuant to 29 U.S.C. §216(b).

98. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

99. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

100. Defendants willfully failed to pay Plaintiffs any overtime wages for all their hours worked in excess of forty (40) hours per week, at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under 29 U.S.C. §§206(a), in blatant violation of 29 U.S.C. §207(a)(1).

101. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

102. Defendants have not made a good effort to comply with their obligations prescribed under the FLSA with respect to their compensation of the Plaintiffs.

103. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages, and an equal amount in the form of

liquidated damages under the FLSA, as well as reasonable attorneys' fees, costs of the action, and interest pursuant to the FLSA, specifically, 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

104. Plaintiffs re-allege, repeat, and incorporate by reference, all allegations contained in all preceding paragraphs as if more fully set forth herein.

105. At all times relevant to this action, Plaintiffs was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

106. Defendants failed to pay Plaintiffs' overtime wages for all their hours worked in excess of forty (40) hours per week, at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et. seq.*

107. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

108. Plaintiffs re-allege, repeat, and incorporate by reference, all allegations contained in all preceding paragraphs as if more fully set forth herein

109. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language) of their applicable rate of pay, regular pay day, and all other information required by NYLL §195(1).

110. Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

111. Plaintiffs re-allege, repeat, and incorporate by reference, all allegations contained in all preceding paragraphs as if more fully set forth herein.

112. Defendants failed to provide Plaintiffs with wage statements upon each payment of their wages as required by NYLL §195(3).

113. Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law and its regulations, and deemed to have been willful within the meaning of the FLSA and NYLL;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs costs of bringing this action;

f. Awarding Plaintiffs reasonable attorneys' fees; and

g. Awarding Plaintiffs such or further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by a jury on all questions of fact raised by this complaint.

Dated: August 11, 2021
      Kew Gardens, NY

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO TORRES, OSCAR MARTINEZ, SERGIO MORALES, and JESUS SALVADOR, individually, and on behalf of all others similarly situated,

Plaintiffs,

-against-

CAPCON CONSTRUCTION INDUSTRIES CORP., and AGRA MASONRY INC., and DARREN K. CAPUTO, as an individual,

Defendants.

## SUMMONS & COLLECTIVE ACTION COMPLAINT

*Trial By Jury Demanded*

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

**TO:**

**AGRA MASONRY INC.**
(NY DOS: 4880447)

2626 East 14th Street, Suite 101A
Brooklyn, New York 11235

2546 East 13th Street, Apt #2
Brooklyn, New York 11235

Legalinc Corporate Services Inc.
(*DOS Registered Agent*)
1967 Wehrle Drive, Suite 1 #086
Buffalo, New York 14221

**CAPCON CONSTRUCTION INDUSTRIES CORP.**
(NY DOS: 4286809)

469 Illington Road
Ossining, New York 10562


**DARREN K. CAPUTO**
469 Illington Road
Ossining, New York 10562