

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

February 9, 2023

**Via ECF**
The Honorable Judge Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **Torres, et al. v. Capcon Construction Industries Corp., et al.**
      **21-CV-6771 (PMH)**

Dear Judge Halpern:

Our office represents Julio Torres, Oscar Martinez, Sergio Morales, and Jesus Salvador (collectively, the "Plaintiffs") in the above-referenced matter and we submit this motion jointly with counsel for Capcon Construction Industries Corp. ("Capcon"), Agra Masonry Inc. ("Agra Masonry") and Darren K. Caputo, as an individual ('Caputo') (collectively, "Defendants")  seeking approval of the Settlement Agreement (attached hereto as **Exhibit 1**) (the "Agreement") as fair and reasonable.

The parties respectfully submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms, as well as Plaintiffs' counsel's requested attorneys' fees, and respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice.

### I.   The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a.   The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees and costs (which are addressed below), for the gross total amount of $15,000.00, payable within 30 days of Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiffs are four former employees of Defendants who brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), alleging that they were not paid proper overtime rates when required to work in excess of forty (40) hours per week.

Plaintiffs were employed by Defendants as masons and construction workers for various time periods within the six-year relevant statutory period under the NYLL, ranging from approximately five months to eleven months. Plaintiffs alleged that during their employment, they were regularly required to work approximately 47.5 to 50 hours per week. Further, Plaintiffs alleged that they were paid their regular hourly rate for all hours worked, including those in excess of 40 hours per week.

During the course of discovery, Defendants produced pay records for Plaintiffs, which our office carefully reviewed with our clients. In general, our analysis showed that Defendants' time records showed fewer than 40 hours worked for almost all of the weeks alleged. However, Plaintiffs maintained the position that the records showed some instances where they worked in excess of 40 hours per week without receiving time-and-a-half their regularly hourly rates for such hours. Although Plaintiffs disputed the accuracy of these records, particularly as to the number of hours worked, Plaintiffs understood their potential value if they were accepted as complete and accurate by a fact finder.

Plaintiffs initially alleged approximately $23,000.00 in unpaid overtime wages, however, that figure was based on Plaintiffs worked in excess of 40 hours per each week of their employment. However, based on our review of the records provided and the factual disputes that remained, we believe the settlement of $15,000.00 is fair and reasonable compromise and accounts for the risks of continued litigation and the possibility of a lesser recovery if this matter were to proceed to trial.

### c. Defendants' Position

Defendants contend that all wages were paid and that there is no liability to any of the plaintiffs. In recognition of the costs to be incurred at a trial, the settlement amount of $15,000 is reasonable.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should

2

be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $15,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the records and defenses maintained by Defendants in this matter and the factual disputes that remained between the parties that remained unresolved. Moreover, the settlement amount was only achieved following a Court-annexed mediation session before a Court-appointed mediator in December 2021 and negotiations between experienced counsel over the course of litigation. The parties maintained *bona fide* disputes as to the dates of Plaintiffs' employment, number of days and hours worked by Plaintiffs. Settlement at this juncture allows all parties to avoid the time and costs associated with formal discovery on this issues as well as potential motion practice or trial.

### II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

  a. **Distribution to Plaintiffs**

The parties agreed to a global settlement of $15,000.00 to resolve all claims asserted against the Defendants in this action. If the Settlement Agreement is approved by the Court, Plaintiffs will recover a total of $9,430.00 after the requested attorneys' fees and expenses. Each Plaintiff will receive an amount based on his alleged dates of employment, hours worked per week, and amounts of pay received in addition to our office's analysis as to Defendants' records provided for each Plaintiff. Those amounts are identified Paragraphs 1(a) of the Settlement Agreement.

### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $856.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $454.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($14,144.00), or $4,714.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $5,570.00. The settlement fund broken down into its component parts is as follows:

**Settlement Amount:** $15,000.00
**Attorneys' Expenses:** $856.00
**Net Settlement Amount:** $14,144.00 ($15,000.00 - $856.00)
**Requested Attorneys' Fees:** $4,714.00 ($14,144.00 / 3)
**Total payable to Attorneys:** $5,570.00 ($4,714.00 + $856.00)
**Total payable to Plaintiff:** $9,430.00 ($15,000.00 - $5,570.00)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

### IV. <u>Closing</u>

In closing, the parties believe that the settlement amount and the terms of the Settlement Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel. As such, we respectfully request that

4

the Court approve the Settlement Agreement and dismiss Plaintiffs' claims against all Defendants.

We thank the Court for its consideration and remain available to provide any additional information.

                                                  Respectfully submitted,

                                                  *James O'Donnell*
                                                  James O'Donnell, Esq.